Good morning, your honors. Matt Larson of the Federal Defenders for Mr. Guzman. Your practice is to remand a case where, as here, there's a conceded misunderstanding of what the statutory sentence range was. This court did it in Piper. This court did it in Trudeau. And the government hasn't identified a single case in which this court didn't do that. A remand, as we brief, is proper here. And if your honors don't have questions on this point, I can turn to the Custis issue that your honors asked us to talk about in the order yesterday. Well, I guess I have one question. Are the cases that you referred to summary orders? They are, your honor. And my recollection of those is that they had somewhat different facts. It's not so clear that those turned entirely on just the naked fact that there was a misunderstanding of the statutory maximum. Well, the government concedes that Piper is essentially this case, where the parties thought that the maximum was 20 years when, in fact, it was 10 years. And the government's only attempt to distinguish Piper is to say, well, there were other issues in that case. But that doesn't explain why this court wouldn't have remanded for the miscalculation reason, which it did in Trudeau, where that was the only error. And although these are summary orders, your honor, this court observed in an opinion this year called Montague, quoting an earlier case, denying summary orders' precedential effect does not mean that the court considers itself free to rule differently in similar cases. I've always wondered what that means. Well, it's quoting a rule that this court adopted. Well, that's my problem, I guess. And I think it says, when we have similar facts, we follow the summary orders. Because summary orders don't come out of thin air. They're based on precedence. I understand that. But it's not precedential, but it's precedential. It's a little bit of a problem. I think it is not precedential. But it can't simply be ignored in a similar case. I think in Trudeau, and one of the rationales for this is that summary orders don't come out of thin air. They're based on precedence. So in Trudeau, for example, one of the summary orders we cite, the court said, because of its, and it's quoting a case here, Dorvey, because of its miscalculation at the outset as to what the range was, we cannot be sure that the court adequately considered the proper sentencing factors, one of which, of course, is the seriousness of the offense. We explain in our brief how the maximum that Congress sets for a crime represents its belief as to how serious a crime may be. Here. Well, is there anything in the record here that the district court relied on the statutory maximum as an addition of the seriousness? And I know it said serious conduct, but there's no reference that I saw to the statutory maximum. So twice, Your Honor, the judge referenced the seriousness of the offense. First, on page 61 of the appendix, the judge says, the court is required to craft a sentence that will reflect the seriousness of the offense. And then again on page 64 of the appendix, I find that the sentence I'm imposing reflects the seriousness of the crime here. So your argument is that seriousness of offense sort of imports or incorporates or is measured by the statutory maximum. That's what the Supreme Court tells us in the Lewis case in our briefs, that the maximum set by Congress reflects a judgment as to the severity of the crime at issue, potential severity. So here, everyone labored under the misimpression that Mr. Guzman's returning to this country was serious enough to warrant as many as 20 years in jail. Now, the judge gave him a big break. He gave him only a quarter of that maximum. But the judge didn't say anything like that. The judge didn't say the seriousness of this is measured by the fact that Congress makes this the maximum, and I'm being so lenient to you because I'm only giving you a quarter of that. I've seen judges say things like that, but that isn't said here. Well, we're pointing these things out in the record in the Supreme Court cases to show that, at minimum, a remand is required. So in Piper and Trudeau, this court remanded at least for the judge to consider whether he would have imposed a different sentence. That's sort of the easy thing to do, right? I mean, that's what you're saying. And I take it that you would like us to do that by opinion this time, rather than by summary order, and make clear that that is the rule, and that that is an invariable rule, that whenever the statutory maximum is miscalculated, it is plain error? I mean, was this objected to below? Did anyone point that out to the judge? No, nor was it in Piper or Trudeau. And I think we say in our briefs, it wouldn't necessarily be an automatic remand. There may be a case where a judge says, regardless. I'm not, you know, who cares about what's Congress? If the government said, this is really serious. Look at what the statutory maximum is. And the judge said, I don't care about that. I've never given a statutory maximum sentence in my life, because the statutory maximum is always a kind of crazy number that doesn't bear any relation to what the actual sentencing guidelines even say, let alone what the actual practice is among judges. The range, however, the range, as the Seventh Circuit has observed, it's a natural anchoring effect, right? When a judge has to operate within one end or the other. Well, and sometimes the statutory maximum becomes the top of the range and becomes a guideline rule. But that's not the case here. Correct. OK. All right, so you're going to go on to talk about the other things. The other issue, yes. So we would ask for a remand because of this misunderstanding about the range. We would also ask that Judge Brown be allowed to consider, in the first instance, the effect of Bruin, which came out after sentencing in this case. Now. Right, but why is that not precluded by the Supreme Court precedent an hour later interpretation of it in Jones, which says that applies to a guideline career offender sentence? Why would something that applies to a guideline that says this is what makes you a career offender and sets your criminal history category not apply to any other part of the guidelines calculation that affects the criminal history category? So priors certainly count for purposes of calculating someone's guideline range. You know, Custis is a case about counting. Mr. Custis said, my priors shouldn't count, shouldn't subject me to ACCA, and it's 15-year mandatory minimum. This court said, no, no, no, no. We're not going to reopen your prior convictions here. They count. And this court then applied, in Jones, the Custis rule, to guideline calculations. But in myriad cases, I found last night, Your Honor, this court has endorsed the practice of increasing a guideline range because of a prior, but then subjecting that prior to examination on an argument that the resulting range is overstated. There are cases I can talk about right now. There are cases I can put in a letter if the court would prefer. But this court's practice is to say, yes, it counts. So you're subject to the career offender guideline. But because the guidelines themselves, both in 4A1. Well, but wait, then. But then you're in the situation of being, you know, Bruin has no particular effect on this case, right? Because this is possession of weapons in the home. So the Second Amendment issue was right there on the surface, and nobody raised it. This is possession of weapon in a home following a prior conviction. So he did have a prior. And that's what New York's law says. It doesn't flat out ban having a gun at home. It bans having a gun at home if you've been convicted of a prior offense. Here, the prior offense was misdemeanor possession of stolen property. And we've briefed as to why that's not a constitutional reason to punish someone for having a gun in the home. But that argument only became available to us after Bruin was decided. I'm not sure why that is the case. If there is a constitutional right to have the gun in the home, and you're saying, and that is not defeased in any way by being convicted of a misdemeanor, that's an argument that was perfectly available to you before Bruin. Under every circuit's case law pre-Bruin, we couldn't have made this challenge, right? Bruin undid the framework for analyzing that, that Bruin undid everything. Because Justice Thomas goes on and on about history in a case that really is not that closely tied to where New York's statute was a total outlier. I may not agree with the reasoning in Bruin. Your Honor may not agree with the reasoning in Bruin. But we have Bruin. It changed the landscape for Second Amendment challenges. And another way of putting this, other than saying it's unconstitutional. Well, it's still hard to say why there's any plain error here. Because this is being litigated all over the country in all kinds of cases. And circuits are coming out every which way. So why is this the case that suddenly it's absolutely clear that this statute is unconstitutional? Certainly, we briefed this argument. But I can also modify my requests to your honors. If there's going to be a remand because of the first issue, I would ask that the judge be allowed to at least consider this argument in the first instance because Bruin came out after. And maybe Judge Brown will be unpersuaded by our arguments and it won't make a difference at all. But our essential point here is, yes, Mr. Guzman's range was enhanced greatly because of the New York conviction. But we would submit to the judge on remand that that overstates the severity of that prior conduct. And again, I found last night many cases where this court has endorsed doing just that. Someone's range is increased because of a prior. But the judge then, nonetheless, imposes a much lower sentence accepting an argument that the range was overstated. It counts for setting the range, but then you can go below it. And that's an argument that you did not make in the briefs. Because the argument you made in the briefs is that the guideline calculation was incorrect and is therefore procedurally unreasonable. No, and I apologize if there was any lack of clarity about this. I thought that I made clear, but obviously I didn't. We conceded on the last page of our brief that this counts. His correct range is 70 to 87. We said on the last page of our opening brief, nonetheless, it overstates the range. The range is overstated because this prior conviction is subject to attack now because of Bruin. Fair enough. Perhaps I misconstrued it. Thank you, counsel. We'll hear from the government. May it please the court. My name is Arun Vodapati, and I'm a trial attorney with the Department of Justice, representing the United States Attorney's Office here. At the outset, we'd like to apologize for our failure to recognize the Custis issue. Now that we've had a chance to look at that decision and the Jones decision, we do believe that the appellant here is clearly foreclosed from challenging the calculation of its guidelines range here. As this court noted in Jones, a defendant may not collaterally attack prior state court felony convictions during a federal sentencing hearing subject to limited exceptions that don't apply here. First, while you can challenge it if you were deprived of counsel, that hasn't been briefed here. And second, while certain statutory schemes may allow for those challenges, we don't believe that's the case in the context of the illegal reentry statute. In fact, we found at least two decisions of this court where it specifically applied both Custis and Jones to find that challenges to the sentencing enhancements in the context of the illegal reentry statute were impermissible. Those are both the Claudio Marquez cases and the United States versus Hernandez case from 2001. Now, we believe that the Custis issue is one basis to affirm, at least as to this second Bruin challenge. But we believe that both of the issues raised by the appellant here are insufficient because they don't meet the standards of plain error review. Starting with the first one, the appellant, Guzman, can't explain how the erroneous statutory maximum calculation actually affected the sentence imposed by the district court or how it affected the integrity or public reputation of judicial proceedings. How can we figure that out? Well, Your Honor, the typical way to do it is to look at the record and see if there's a factual basis to see that the district court relied on the statutory maximum in any way. Here, the district court never even mentioned the statutory maximum, let alone suggested that it was using that as a reference point when fashioning its sentence. The sentence that it actually imposed was well below the erroneous statutory maximum, below the correct statutory maximum, and even below the guidelines range agreed to by the parties. And when the district court explained why it imposed that sentence, it listed a range of factors besides the statutory maximum. For example, the defendant's age, his ties to the community, his criminal history, and the specific nature of his criminal conduct in the case at issue. So just- I'm wondering what the government has to lose by finding out. Well, Your Honor, we certainly recognize that remanding for resentencing is not a high cost here, but it is a cost that's imposed on the district court nonetheless. Maybe it would be a remand for resentencing. I take it what Mr. Larson was asking sounded to me like a remand for the judge to say whether or not this would all have made any difference to him. Even so, there needs to be a basis for that. And the defendant bears the burden of proving that on plain error review. He needs to show that there's some basis to believe that the error affected his substantial rights and seriously affected the integrity and public reputation of judicial proceedings. And we just don't see- The argument that I heard was that the references to the seriousness of the offense are informed by the statutory maximum. And if you got that wrong, then maybe you've misjudged the seriousness of the offense. Your Honor, we don't believe that that's really the case here. When the judge was discussing the seriousness of the offenses, he was referring to the specific seriousness of Guzman's conduct, the actual conduct charged, rather than a broader theoretical sense that the statutory maximum determines the seriousness of the offense. So again, we just don't see a basis in the record to really believe that when you refer to the seriousness of the offense, you're referring to the statutory maximum, rather than the actual conduct that's giving rise to the sentencing proceeding in the first place. So it depends on the context. So if seriousness is describing the conduct, that's one thing. And if it's describing the sentence, the maximum sentence, that's another thing. That's right. If the court had given some basis to suggest that it was using the statutory maximum to gauge the seriousness of the defendant's conduct, then that would be a different story. And there might be a basis to remand there. But here, we just don't really have that. Now, I'm glad we have someone from Washington here. I remember a day when no one from Washington, at least in the Southern District, was allowed to come and argue appeals. But I'm glad because you might be able to help us with what other circuits have to say about this very issue. Am I wrong in reading that at least one circuit has adopted a sort of seemingly absolute rule that if you get the statutory maximum wrong, there has to be a remand? And at least one has said the opposite and said something just like what has been suggested in your argument, that if there's nothing on the record to show that the district court paid any attention to the statutory maximum, there's no need for a remand. Is that a fair count, or am I wrong? Your Honor, we actually don't believe that's correct. We recognize that the appellant cited this Curry case out of the Seventh Circuit in his brief. But we don't actually believe that that stands for the general proposition that whenever you make an error regarding the statutory maximum or minimum, that sort of presumptively prejudices the defendant and requires a remand. Actually, if you look at the Curry case, while there is that one statement that mentions how statutory maxima and minima can have an anchoring effect, the actual case itself turns entirely on the statutory minimum there because there was a mandatory minimum that the district court had improperly calculated as 10 years rather than five years. It was much more plain to see the effect on the defendant's substantial rights there. The court imposed a sentence that was 121 months, which is literally just one month above the mistaken minimum range that it had calculated. And it stated on the record that it felt it was still bound by that minimum range. There was nothing to suggest that the same would hold true for the maximums here. And the defendant didn't cite any cases for that proposition in his brief. That's why, if we had to point out one precedent from another circuit that we believe is on all fours with this case, it would be the Mondragon-Santiago case out of the Fifth Circuit that we cited in our 20HA letter. The facts there are almost substantially identical. Similarly, you had an issue with a mistaken finding that a prior felony conviction was an aggravated felony for purposes of the illegal reentry statute. And you similarly had a case where that affected the 10 versus 20-year statutory maximum. But again, there, the Fifth Circuit noted that the sentence imposed was below both of those statutory maxima. And it was within a properly calculated guidelines range. So they found no basis in the record to find that the district court's error in any way affected the appellant's substantial rights. Now, we've already discussed the second issue, which is the challenge to the guidelines range calculation. But just to briefly return to it, even if Guzman could properly raise that issue before the court here, we still don't believe it satisfies the requirements of plain error review. By our count, it would require this court to reach at least three unsettled questions of constitutional law, three questions that have not been resolved in Guzman's favor. First, this court would have to find that the people who possess Second Amendment rights sweep broadly enough to embrace convicted felons. Second, that the people who possess Second Amendment rights sweep broadly enough to include non-citizens who have been deported and who then committed a crime by illegally re-entering this country without permission. And third, this country would have to find that the specific statute at issue here, New York Penal Law 265.03, is unconstitutional as applied to Guzman. There's no binding precedent from either this circuit or the Supreme Court addressing any of those three issues. And we don't believe that there can be any plain error as a result. For these reasons, we would respectfully request that the court affirm the sentence imposed by the district court. And unless the court has any further questions, we would rely on our brief for the remainder of our argument. Thank you, counsel. Don't care about them. So your honors, the government repeats its point that no one mentioned the statutory maxima at the sentencing proceeding. That was the same thing in Piper. It wasn't mentioned. I also just double checked the transcript last night. It was never mentioned. This court still remanded. Here, there's additional evidence in the record that this needs a remand. Because the judge said, besides talking about how he had to craft a sentence to reflect the seriousness, he says on page 62 of the appendix, I do think there is an element of double counting here. I'm not 100%. But if you look at what is driving the range, he mentions 10 points for the Texas conviction, and then eight for the New York conviction. He says, so to count that for purposes of the offense level, and then say, now let's add the criminal history, I do think there's an element here of double counting. He still gave a below-guideline sentence, but he still operated under the misimpression that he gave five years when the max was four times that. As your honor asked the government, what is the harm in remanding? There is no harm. We'll send it back to the judge. He'll tell us if this mattered or not. When it's sent back, I would like to be able to brief to the judge the Bruin issue that came up after sentencing. This court doesn't have to get into that here. We can leave it to the district judge in the first instance, as this court did in Tavaris, when it remanded a case after Bruin was decided. Let's get a finding from Judge Brown on this, and then if either side wants to appeal, it can. So just in the transcript on the double counting point, I mean, he's talking about the guidelines range there. And so that's why our precedent gives special treatment to the guidelines range. And that is presumptively a plain error. But we haven't said such a thing for the maximum, because it's a little bit less direct. I think what I say in my brief is, if miscalculating an advisory guidelines range is plain error, then the same goes for a mandatory sentence range. The maximum and the minimum are mandatory. You can't ignore them. You can't ignore the guideline range, and often judges do when they find a range is overstated, for whatever reason. And then they give a below guideline sentence. Well, you can't ignore the statutory maximum if you plan to give a sentence that is greater than the statutory maximum, because that would be illegal. You are perfectly free to ignore the statutory maximum if you're considering a sentence in a much lower range. It doesn't matter what the statutory maximum is, because you're looking at sentences that are nowhere near that. Either the one that's in the guidelines, which is not very near it, I guess. No, it's not near it. It's approximately near the lower statutory maximum. But whether you look at it with or without any of the particular criminal predicates, the judge is never considering a sentence of greater than 10 years here. I don't know what he was considering, and we know what he gave Mr. Guzman. And we also know that in these cases, this court remands. We have Piper and Trudeau, and they're based on Dorvey and other precedents from other circuits. Now, Your Honor said earlier I'm asking for an opinion here. I'm not. I'm asking for relief for Mr. Guzman. In whatever way the court decides to do that, whether it's a summary order or otherwise, I just want relief for Mr. Guzman, my client. I think the cases here and the practice of this court is to remand in situations like this. The government cites nothing in this court showing otherwise. The Fifth Circuit case, I looked at it the other night. They have a materially different plain error standard there. We have a relaxed plain error standard here in sentencing cases because we recognize the low cost of just sending it back to the judge. Let's see what he wants to say. Let's see if this mattered. And then we can suss it out and appeal again if necessary. OK. Thank you. Thank you both. We'll take the case under advisement.